PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT M. CODD, Relator, *v.* CITY OF BUFFALO, Respondent.

Supreme Court, Erie Special Term, December, 1923.

**Taxation — certiorari to review assessment — tract of land not subdivided into building lots may not be subdivided for purposes of an assessment levied for paving of a street — petition dismissed.**

Where a tract of land within the corporate limits of the city has not been subdivided into building lots its unauthorized division for an assessment laid for the paving of the street which is the west boundary line of said tract is as fatal as an unauthorized grouping of distinct parcels would be.

Relator is the owner of a tract of land within a city bounded north and south by streets to an even depth of 551.84 feet and on the east by the city line 1,034 feet and on the south by a street to the same depth. Although relator's land has not been subdivided into building lots nor streets been laid out or proposed through the same, the lands to the south and west of it have been subdivided into building lots 113.33 feet deep and 50 feet wide with streets 226.66 feet apart. An assessment was laid for the paving of the street west of relator's land and on the assessment roll his entire tract was described as one parcel and taxed for the whole frontage on the newly paved street and 551.84 feet deep to the city line. If relator's land were legally subdivided into lots 113.33 feet deep on the new paved street it was conceded that all of his land to the east of such lot would be free from the paving tax. *Held*, that until such subdivision was actually in existence no finding could be made that the relator has any such lots to which he wishes the assessment to be restricted and his petition therefor will be dismissed, with costs, as provided by section 294 of the Tax Law.

APPLICATION for certiorari.

*Robert M. Codd*, relator, in person.

*William S. Rann*, corporation counsel, and *Herbert A. Hickman*, for respondent.

BROWN, J.    Relator is the owner of a tract of land in the city of Buffalo bounded north by Dingens street, 551.84 feet; east by the city line, 1,034 feet; south by Griswold street, 551.84 feet, and west by South Ogden street, 1,034 feet. This tract of land has not been subdivided into building lots; there are no streets laid out or proposed through the same. The lands to the south and west have been subdivided into building lots 113.33 feet deep and 50 feet wide, with streets 226.66 feet apart. Wheelock street to the south of relator's tract, if extended north to Dingens street, would bisect relator's tract. In January, 1923, an assessment of $8,621.24, to pay for paving South Ogden street to the west of relator's tract, was laid, and an assessment roll prepared, in which relator's entire tract as one parcel was described and said sum laid as a tax upon the whole thereof, for 1,034 feet front on South

Ogden street, and 551.84 feet deep to the city line. This paving tax was laid upon property to the south and west of relator's tract by separate liens and description of each lot 50 feet wide and 113.33 feet deep. Relator's complaint is that adjoining lands on his south and west are only burdened by this paving tax to the depth of 113.33 feet, while his lands are burdened with a tax lien to the depth of 551.84 feet. To correct this inequality he asks judgment canceling the assessment roll and directing the defendant to assess his share of such tax upon his lands fronting on South Ogden street 1,034 feet and to a depth of 113.33 feet, asserting that sometime in the future his tract will likely be subdivided into lots fronting on South Ogden street with a depth of 113.33 feet. No complaint is made of the amount of the paving tax assessed upon relator's tract, simply the manner of laying it upon the whole, instead of upon a strip 113.33 feet wide on the west side. In other words, relator asserts that this paving tax of $8,621.24 must be assessed upon his single tract of land the same as though it were legally subdivided into lots 113.33 feet deep fronting on South Ogden street. It must be conceded that if relator's tract were legally subdivided into lots 113.33 feet deep on South Ogden street, all of relator's land to the east of such lots would be free from the paving tax. To warrant the judgment asked for, a finding must be made that in fact relator's tract will be subdivided into lots 113.33 feet deep fronting on South Ogden street. Until such subdivision be actually legally made and the lots as such are brought into actual existence, no finding can be made that relator has any such lots to which he wishes the assessment to be restricted. Relator concedes that there is no authority in law for his contention, and while agreeing with his concession, it might be added that there is no authority in logic or reason as well.

Cooley on Taxation (3d ed.), at page 738, states that the authorities in general are imperative in holding that an unauthorized division of a tract in the assessment, which tract has not known legal subdivision, is as fatal as an unauthorized grouping of distinct parcels would be.

The relief which relator seeks may be readily acquired by a simple and effective subdivision of his tract or parcel of land. Until such result is attained, it is not seen how the manner of assessing such a tax upon relator's tract can be changed by judicial decree.

Relator's writ and petition must be dismissed, and the assessment confirmed, with costs as provided by section 294 of the Tax Law.

Ordered accordingly.